UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-8536-MWF (KSx) | Date:  November 20, 2020 |
| Title:  Rosario Rodriguez v. Foot Locker Corporate Services, Inc. et al | |

Present: The Honorable **MICHAEL W. FITZGERALD, U.S. District Judge**

Deputy Clerk:              Court Reporter:
Rita Sanchez              Not Reported

Attorneys Present for Plaintiff:     Attorneys Present for Defendant:
None Present                         None Present

**Proceedings (In Chambers):**   ORDER RE: MOTION TO REMAND TO LOS ANGELES SUPERIOR COURT [12]

Before the Court is Plaintiff Rosario Rodriguez's Motion to Remand Case to Los Angeles County Superior Court (the "Remand Motion"), filed on October 16, 2020. (Docket No. 12). Defendant Foot Locker Corporate Services, Inc. ("Foot Locker") filed an opposition on October 26, 2020. (Docket No. 13). Plaintiff filed a reply on November 2, 2020. (Docket No. 16).

The Court has read and considered the papers filed in connection with the motions and held a telephonic hearing on November 16, 2020, pursuant to General Order 20-09 arising from the COVID-19 pandemic.

For the reasons discussed below, the Remand Motion is **DENIED**. Defendant has demonstrated that the amount in controversy exceeds $75,000.

**I.    BACKGROUND**

On February 18, 2020, Plaintiff commenced this putative class action against Defendant in the Los Angeles County Superior Court. (Notice of Removal ("NoR"), Ex. A ("Complaint") (Docket No. 1)).

The Complaint alleges as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-8536-MWF (KSx)            **Date:** November 20, 2020

**Title:** Rosario Rodriguez v. Foot Locker Corporate Services, Inc. et al

      Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to access and read website content using her computer. (Complaint ¶ 2). Plaintiff uses the terms "blind" or "visually-impaired" herein to refer to all people with visual impairments who meet the legal definition of blindness in that they fall within the meaning of California's Unruh Civil Rights Act ("UCRA"), Cal. Civ. Code section 51, *et seq.* and have a visual acuity with correction of less than or equal to 20 x 200. (*Id.*).

      Plaintiff, and all other visually impaired individuals, are unnecessarily denied equal access to the same online information and goods and services offered to others because Defendant's website, www.footlocker.com (the "Website"), and all subgroups of webpages contained in the Website, are not fully accessible to screen-reading technology used by blind individuals. (*Id.* ¶ 3). This relegates visually impaired customers of Defendant to a second-class experience. (*Id.*). If Defendant's Website was accessible, then visually impaired individuals could independently access information relating to the pricing, description, and details of Defendant's goods and services, with the same convenience available to others. (*Id.*).

      Upon information and belief, Plaintiff alleges that Defendant produces, markets, offers for sale, sells, and/or monetizes designer retail products and goods, including sportswear, personal goods and/or accessories, in various retailers including one(s) located within the County of Los Angeles, California. (*Id.* ¶ 4). The retail store(s) that offer Defendant's products are commercial stores that offer for sale sportswear, accessories and other goods to the public. (*Id.*). The retail store(s) that offer Defendant's products, including the one(s) within the County of Los Angeles, California, are places of public accommodation open to the public. (*Id.*).

      Upon information and belief, Plaintiff alleges that Defendant owns, operates, manages, updates and/or monetizes its Website, which provides to the public a wide array of goods, services, discounts, gift cards, and/or information concerning the brick-and-mortar retail store(s) that offer Defendant's products, including the one(s) located in the County of Los Angeles. (*Id.* ¶ 5). The Website also offers the public online features that allow the sale of Defendant's goods and services. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 20-8536-MWF (KSx)    **Date:**  November 20, 2020

**Title:**  Rosario Rodriguez v. Foot Locker Corporate Services, Inc. et al

  The Website contains significant access barriers that make it impossible for visually impaired customers to utilize the Website properly and fully.  (*Id.* ¶ 6). Specifically, these barriers make it impossible for Plaintiff to have full access to the Website and to independently purchase goods and services online and access information concerning discounts, brick-and-mortar stores, and other goods and services offered by Defendant online.  (*Id.*).

  Defendant thus excludes the visually impaired from full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living.  (*Id.* ¶ 7).  In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life for visually impaired individuals, allowing them to fully and independently access a variety of goods and services, including making online purchase of consumer products.  (*Id.*).

  Despite readily available methods to render websites fully accessible to all, such as the methods in use by other businesses, which make correct and proper use of alternative text, accessible forms, descriptive links, resizable text, and labels, Defendant has failed to design, construct, maintain, and operate its Website to be fully accessible to and independently usable by Plaintiff and other visually-impaired individuals.  (*Id.* ¶ 8).

  Defendant's denial of full and equal access to its Website, and therefore denial of its products and services offered thereby and in conjunction with the physical location(s) that offer for sale Defendant's products, is a violation of Plaintiff's rights under the UCRA.  (*Id.* ¶ 9).

  Unless Defendant remedies the numerous access barriers on its Website, Plaintiff will continue to be unable to independently navigate, browse, use, access and complete a transaction on the Website.  (*Id.* ¶ 11).  Because Defendant's Website is not equally accessible to blind and visually-impaired consumers in violation of the UCRA, Plaintiff seeks declaratory, injunctive, and monetary relief.  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-8536-MWF (KSx)              **Date:** November 20, 2020

**Title:** Rosario Rodriguez v. Foot Locker Corporate Services, Inc. et al

      Plaintiff expressly limits damages to a total of $34,999.00 in statutory damages and $15,000.00 in costs for complying with injunctive relief. (Declaration of Azar Mouzari ("Mouzari Decl.") ¶ 4; Complaint (Docket No. 1-1)).

      On September 17, 2020, Defendant removed the action, invoking diversity jurisdiction under 28 U.S.C. § 1332(c). (NoR ¶ 6).

## II.   DISCUSSION

      As a preliminary matter, the Court notes that there is no dispute as to whether the parties are diverse for the purpose of determining citizenship under 28 U.S.C. § 1332. The parties' only point of disagreement with respect to removal is whether the amount in controversy exceeds $75,000. Defendant argues that the nonmonetary relief alone exceeds $75,000. (Opposition at 6). The Court agrees.

      Plaintiff seeks "a preliminary and permanent injunction requiring Defendant to take the steps necessary to make the Website readily and fully accessible to and usable by blind and visually-impaired individuals." (Complaint, Prayer for Relief ¶ B). As explained in detail in the Declaration of Mehul Doshi ("Doshi Decl."), improving and maintaining the accessibility of a commercial website such as www.footlocker.com for blind and visually-impaired consumers who use screen-reader software is a complex endeavor that requires ongoing efforts. (Doshi Decl. ¶ 6).

      Ninth Circuit law expressly contemplates the amount in controversy is "the ***potential*** cost to the defendant of complying with the injunction." *In re Ford Motor Co./Citibank (South Dakota), NA*, 264 F.3d 952, 958 (9th Cir. 2001) (emphasis added); *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017). Foot Locker has presented evidence indicating that the cost of complying with the injunction would exceed $100,000. (Doshi Decl. ¶ 14).

      Specifically, Foot Locker has presented evidence that it would need to engage a third-party consultant that specializes in commercial website accessibility to conduct an audit and assessment of its website and to provide recommendations regarding what steps are necessary to further improve website accessibility for consumers who utilize

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-8536-MWF (KSx)            **Date:** November 20, 2020
**Title:** Rosario Rodriguez v. Foot Locker Corporate Services, Inc. et al

screen-reader software.  (*Id.* ¶ 14(a)).  According to the Doshi Declaration, Foot Locker has engaged such a consultant in the past for similar work at an out-of-pocket cost in excess of $75,000.  (*Id.*)

Additionally, Foot Locker has presented persuasive evidence that Foot Locker would need to hire at least one additional web architect or web developer to work on a dedicated, full-time basis on website accessibility issues at a cost of more than $100,000 annually based on the salary Foot Locker currently pays to similar IT/IS professionals.  (*Id.* ¶ 14(b)).  Foot Locker also would need to increase its utilization and reliance on IT/IS professionals for website accessibility quality assurance at a cost that would exceed $100,000.  (*Id.* ¶ 14(c)).  The Court agrees with Defendants that it would not be possible for Foot Locker to comply with the injunction while limiting its costs to $15,000, and that the cost of complying with the injunction alone would exceed $75,000.  (*Id.* ¶¶ 5, 14).

At the hearing, Plaintiff argued that the Doshi Declaration is insufficient to establish the amount-in-controversy because it does not specify how much money would be spent on the precise barriers identified in the Complaint.  Plaintiff made the same argument in the Motion, citing to *Baracco v. Brooks Brothers Group, Inc.* and *Martinez v. Epic Games, Inc.*, for the proposition that a precise accounting is required to establish the cost of complying with an injunction.  (*See* Reply at 9) (citing *Baracco v. Brooks Brothers Group, Inc.*, CV 18-9208 PSG (JPRx), 2019 U.S. Dist. LEXIS 10201, at *7-8 (C.D. Cal. Jan. 22, 2019) (the defendant failed to meet its burden of proof because the declaration did not indicate how much of the $150,000 would go towards fixing the specific access barriers alleged by plaintiff)); (*Martinez v. Epic Games, Inc.*, CV 19-10878-CJC (PJWx), 2020 U.S. Dist. LEXIS 42469, at *3 (C.D. Cal. Mar. 10, 2020) (holding that the "[d]eclaration fails to sufficiently explain why the burdens of compliance would be of such magnitude to necessitate an additional full-time employee.")).

Although the Complaint identifies numerous barriers on Foot Locker's website, the relief sought in the Complaint is not limited to remedying only those barriers.  The Complaint seeks to enjoin Defendant from violating any provision of UCRA through

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-8536-MWF (KSx)            **Date:** November 20, 2020

**Title:** Rosario Rodriguez v. Foot Locker Corporate Services, Inc. et al

their website. (*See* Complaint, Prayer for Relief at A). Specifically, Plaintiff seeks the following relief:

    A. A preliminary and permanent injunction enjoining Defendants from further violations of the UCRA, Civil Code §§ 51, *et seq.*, with respect to their Website, https://www.footlocker.com/ and all of the webpages and urls contained therein;

    B. A preliminary and permanent injunction requiring Defendants to take the steps necessary to make their Website readily and fully accessible to and usable by blind and visually impaired individuals.

(*Id.* at A-B).

    Because the relief requested in the Complaint is not limited to remedying the specific barriers listed in the Complaint, Defendant's declaration explaining the cost of bringing the entire website into compliance with the UCRA is sufficient to establish the overall cost of complying with the injunction.

    The Court is also satisfied that the amount-in-controversy requirement is met by including future attorneys' fees. The Ninth Circuit has held that "'a court must include future attorneys' fees recoverable by statute . . . when assessing whether the amount-in-controversy requirement is met.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (quoting *Fritsch v. Swift Transp. Co. of Ariz. LLC*, 899 F.3d 785, 794 (9th Cir. 2018)). The Court notes that litigating an individual Unruh Act claim has led to a recovery of more than $75,000 in attorneys' fees. *See, e.g., Engel v. Worthington*, 60 Cal. App. 4th 628, 635-636, 70 Cal. Rptr. 2d 526 (1997) (finding $80,875 in attorneys' fees for recovering $250 in Unruh damages to be reasonable in 1997); *Antoninetti v. Chipotle Mexican Grill, Inc.*, 49 F. Supp. 3d 710, 714, 725 (S.D. Cal. 2014) (awarding $317,927.50 in attorneys' fees in Unruh Act disability case predicated on ADA violations, in addition to $898,549 already awarded to counsel in related cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-8536-MWF (KSx)            **Date:** November 20, 2020

Title: Rosario Rodriguez v. Foot Locker Corporate Services, Inc. et al

    Because the Court determines that the cost of complying with the injunction would likely exceed $75,000, and that the inclusion of attorneys' fees has the potential to exceed $75,000, the Court concludes that the amount-in-controversy requirement is satisfied.

    Accordingly, for the reasons set forth above, the Motion is **DENIED**.

    IT IS SO ORDERED.